**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

VICTOR VALDEZ, a/k/a Vic,

　　　　Defendant-Appellant.

No. 08-1253

(D.C. No. 05-CR-00374-EWN-22)

(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **HARTZ**, Circuit Judges.

In this case, we review the district court's finding that the defendant, Victor Valdez, was ineligible to receive a reduced sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, we affirm.

**BACKGROUND**

In 2005, a grand jury indicted Defendant and twenty-two others on multiple counts related to a conspiracy to distribute powder and crack cocaine. Defendant was charged with twenty-one counts but ultimately pled guilty to a single conspiracy count in exchange for the dismissal of all other charges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

During the plea process, Defendant signed a Plea Agreement and Statement of Facts Relevant to Sentencing. In addition to outlining the factual basis for the plea, the agreement noted, "Defendant stipulates pursuant to USSG § 1B1.3(a)(1)(B) that the total foreseeable drug quantity for which he is accountable is 1.5 kilograms or more of cocaine base." (R. Vol. 1, Doc. 645 at 16.) At sentencing, the court determined this drug quantity put Defendant's base offense level at thirty-eight and concluded Defendant's criminal history category was II. After considering a motion by the government under U.S.S.G. § 5K1.1, the court sentenced Defendant to 202 months' imprisonment.

In March 2008, Defendant moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 706 of the sentencing guidelines. After appointment of counsel, Defendant's attorney filed an amended motion. The government responded, contending Defendant was ineligible for a reduction because, even under the modified guidelines, his offense level remained at thirty-eight. Specifically, the government argued that Defendant stipulated to conduct involving more than 4.5 kg of cocaine base, Amendment 706's threshold quantity. Because this quantity left Defendant's offense level unchanged, the court was not authorized to reduce his sentence under § 3582(c)(2). Defendant countered that he had accepted responsibility for only 1.5 kg or more of crack and that the court had made no specific drug quantity finding. Instead, the court made only an implicit quantity finding of 1.5 kg or more based on the stipulation in the plea

agreement and the facts in the presentence report.

After a motion hearing on June 27, 2008, the court determined that, when considered as a whole, the factual basis in the plea agreement and the unobjected-to presentence report established that Defendant was responsible for more than 4.5 kg of crack, so his offense level remained at thirty-eight. Consequently, the court denied Defendant's motion for a sentence reduction:

> At the sentencing hearing, the Court . . . adopted, as I said, the recitations in the presentence report. The defendant stipulated to all of these. There was no objection to any of this by the defendant. And what I just read from [the plea agreement] indicated that he stipulated to relevant conduct of 1.5 kilos or more. When you consider the plea agreement as a whole, to which there was no objection and indeed to which there was a stipulation, there is an astronomical amount of cocaine involved here, significantly in excess of 4.5 kilos.

(R. Vol. III at 8–9.)

## ANALYSIS

We review the scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) *de novo*. *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). However, we review a district court's decision to deny a reduction in sentence under § 3582(c)(2) for abuse of discretion. *Sharkey*, 543 F.3d at 1238. "When a motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (alterations in original) (internal quotation marks

omitted).

Amendment 706 authorized a reduction in certain sentences pursuant to § 3582(c)(2). "The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine." *Id.* at 1237. However, a sentence reduction is only authorized under § 3582(c)(2) if the Amendment has "the effect of lowering the defendant's applicable guideline range." *Id.* at 1239 (internal quotation marks omitted). Before his § 3582(c)(2) motion, Defendant's base offense level was thirty-eight—predicated upon the district court's acceptance of Defendant's plea to a drug quantity of 1.5 kg or more of crack cocaine. Now, post-Amendment 706, a defendant must be responsible for 4.5 kg or more of crack cocaine to have a base offense level of thirty-eight. *See* U.S.S.G. § 2D1.1(c)(1) (2007).

On appeal, Defendant argues the district court clearly erred by holding him responsible for 4.5 kg or more of crack where the court originally made no specific findings regarding drug quantity at sentencing. Instead, the court simply accepted Defendant's plea stipulation to a drug quantity of 1.5 kg or more of crack. The drug quantity was pegged at 1.5 kg because that was the threshold quantity in the sentencing guidelines at the time. Therefore, the court had no need to make a separate, explicit quantity calculation. However, at the time of the § 3582 hearing, the court did need to make a quantity calculation. To do so, it correctly relied upon its factual findings at sentencing. At sentencing, Defendant

filed no objections to the facts in the presentence report, which were taken verbatim from the plea agreement. Consequently, the court adopted the factual statements in the presentence report as its own findings. It was proper for the court to rely at the § 3582 hearing on these findings it adopted at sentencing to calculate a drug quantity.

Defendant also contends that the court's adoption of the factual basis in the presentence report is insufficient to support a finding that he was responsible for 4.5 kg of crack because ambiguity in the facts leaves the amount of crack open to doubt. For instance, Defendant maintains that because it is impossible to determine the exact form of the drugs in some of the transactions listed, the court could not unambiguously determine the amount of crack attributable to him. He also contends that even reading the facts liberally, only 2.7 to 3 kg of crack are attributable to him—which would result in a base offense level of thirty-six. However, we conclude the facts adopted by the court are sufficient to support a finding that Defendant was responsible for 4.5 kg or more of crack. One paragraph alone explains that during a two-month period, Defendant purchased at least 10 kg of cocaine from one source and, with the assistance of others, converted about half of it into crack for distribution. Without more, this establishes Defendant's responsibility for 4.5 kg or more of crack. But the report also details many additional transactions by Defendant that clearly involved crack cocaine, including a series of controlled purchases involving a total of nearly 0.5 kg.

In conclusion, because the court adopted as its factual findings at sentencing the statements in the presentence report showing Defendant was responsible for more than 4.5 kg of crack, the court correctly relied upon the higher quantity at the § 3582 hearing. Because this higher quantity meets Amendment 706's modified drug quantity threshold, the modification does not alter Defendant's base offense level of thirty-eight or lower his applicable guideline range. Consequently, Defendant was not entitled to a reduced sentence under § 3582(c)(2). *See Sharkey*, 543 F.3d at 1239.

For the foregoing reasons, we **AFFIRM** the district court's denial of Defendant's § 3582(c)(2) motion.

Entered for the Court


Monroe G. McKay
Circuit Judge