NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2010[*]
Decided February 11, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-1238

| | |
|---|---|
| UNITED STATES OF AMERICA , | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 03-CR-261 |
| DEXTER ANDERSON, | |
| *Defendant-Appellant*. | William C. Griesbach, |
| | *Judge*. |

**O R D E R**

Dexter Anderson moved to reduce his prison sentence under 18 U.S.C. § 3582(c)(2) after the Sentencing Commission retroactively lowered the base offense level applicable to his convictions. The district court denied the motion. We affirm that decision.

In 2004 a jury found Anderson guilty of participating in a crack conspiracy in Green Bay, Wisconsin. The district court calculated a total offense level of 44 and a criminal

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

history category of III, which yielded a guidelines range of life imprisonment. Applying our holding in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2005), *aff'd*, 543 U.S. 220 (2005), the district court declined to treat the guidelines as mandatory, concluding instead that a life sentence was too severe in the absence of violent conduct. Still, the court added, a sentence above the statutory minimum was necessary to reflect Anderson's aggravating conduct: Anderson had tried to retrieve a loaded gun during his arrest and also lied at trial about the extent of his involvement in the conspiracy. The court imposed a total of 25 years' imprisonment, 5 years above the 20-year statutory minimum applicable because of the drug quantity and Anderson's criminal history. We affirmed the judgment on direct appeal. *United States v. Anderson*, 450 F.3d 294 (7th Cir. 2006).

In 2008 Anderson moved for a lower sentence due to the retroactive amendments applicable to his crack offenses. *See* U.S.S.G. Supp. to App. C 226-31, 253 (2009) (Amendments 706 & 713). Under the amended guidelines Anderson's total offense level is two levels lower and his imprisonment range is 30 years to life; he argued for a comparable reduction of his prison sentence. The district court denied the motion, explaining that Anderson's original sentence had already been lowered because of the difference in offense levels for powder cocaine and crack cocaine. The court added that dropping the term any closer to the statutory minimum would require overlooking Anderson's conduct during and after his arrest.

On appeal Anderson argues that the district court abused its discretion. Although the bottom of his modified imprisonment range is higher than the sentence imposed—30 years compared with 25—Anderson still contends that he is entitled to benefit from the retroactive amendments. He asserts that he has been on good behavior since he was sentenced, and that he finally came around and accepted responsibility for his crimes at the hearing on his § 3582(c)(2) motion. He contends that these factors, combined with the different offense levels for offenses involving like amounts of powder and crack cocaine, gave the district court a compelling basis to resentence him.

We are satisfied that declining to do so was not an abuse of discretion. After considering applicable factors set forth in 18 U.S.C. § 3553(a), a district court has discretion to reduce a term of imprisonment if a reduction would be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *United States v. Young*, 555 F.3d 611, 613-14 (7th Cir. 2009); *United States v. Woods*, 581 F.3d 531, 539 (7th Cir. 2009). Those statements instruct the court to consider the movant's postsentencing conduct and the danger to the community posed by releasing him early. U.S.S.G. § 1B1.10(b)(2) & cmt. n.1(B)(ii), (B)(iii). After reviewing the record, the district court concluded that Anderson's below-range sentence already accounted for the difference in offense levels between crack and powder cocaine. The court rejected Anderson's argument that he should

be rewarded for his good behavior in prison and for accepting responsibility; the judge questioned Anderson's sincerity and opined that further reducing his prison term would diminish the severity of his aggravating conduct contrary to the aims of § 3553(a). This explanation was sufficient. *See United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009); *United States v. Harris*, 490 F.3d 589, 597 (7th Cir. 2007).

AFFIRMED.