**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 2, 2012[*]
Decided July 6, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1011

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District |
| | of Wisconsin |
| *v.* | |
| | No. 1:03-cr-261-WCG |
| DEXTER ANDERSON, | |
| *Defendant-Appellant*. | William C. Griesbach, |
| | *Judge*. |

## O R D E R

Defendant Dexter Anderson appeals from the district court's denial of his petition for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's retroactive amendment of crack cocaine Sentencing Guidelines. We affirm because the

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

district court correctly found that it was not legally authorized to reduce Anderson's sentence.

In 2004, defendant Anderson was found guilty by a jury of several crack cocaine and firearm charges. Under the Sentencing Guidelines then in effect, his offense level was 44 and his criminal history was III. The Guidelines called for a life sentence, but Anderson did not receive a guideline sentence. He was sentenced after the Supreme Court had decided *Blakely v. Washington*, 542 U.S. 296 (2004), which was understood by this court to call into question the constitutionality of the then-binding federal Sentencing Guidelines, see *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), but before the Supreme Court had affirmed that decision and held that the Constitution requires that the federal Guidelines be treated as advisory in *United States v. Booker*, 543 U.S. 220 (2005). Faced with this uncertainty, Judge Griesbach correctly anticipated that he should treat the Guidelines as advisory, and he decided not to impose the life sentence called for by the Guidelines. He instead imposed a sentence of 300 months (25 years) based on his consideration of the relevant sentencing factors under 18 U.S.C. § 3553(a). We affirmed Anderson's conviction in a direct appeal in which neither side challenged the below-guideline sentence. *United States v. Anderson*, 450 F.3d 294 (7th Cir. 2006).

In 2007, the Sentencing Commission issued its Amendments 706 and 713 to reduce the sentencing ranges for crack cocaine offenses and to make those changes applicable retroactively so that a prisoner in Anderson's position could apply for a reduced sentence under 18 U.S.C. § 3582(c)(2). Anderson applied for such relief, and the district court denied his petition. At that time, § 1B1.10(b) allowed a district court to grant relief if it had originally imposed a below-guideline sentence, but such reductions were discouraged if the original sentence was a non-guideline sentence pursuant to *Booker* and § 3553(a). See U.S.S.G. § 1B1.10(b)(2)(B) (2008). The district court explained that Anderson's original below-guideline sentence had already taken into account the discrepancy between sentences for crack and powder cocaine, and that an even lower sentence (closer to the applicable 20-year mandatory minimum sentence) would require the court to overlook Anderson's dangerous and violent actions during and after his arrest. Anderson appealed and we affirmed, finding no abuse of discretion. 365 Fed. Appx. 17 (7th Cir. 2010).

In 2011, the Sentencing Commission adopted Amendments 750 and 759, both effective November 1, 2011. Amendment 750 made further retroactive reductions to the crack cocaine Guidelines, while Amendment 759 limited the availability of relief for prisoners who received below-guideline sentences in the first place. Anderson again petitioned for relief under § 3582(c)(2), and the district court again denied relief. Anderson appeals this latest denial.

Because the district court concluded it did not have legal authority to grant relief, the court did not exercise any discretion. We review *de novo* such a determination about the extent of the court's legal authority under § 3582(c)(2). *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009); accord, *United States v. Fanfan*, 558 F.3d 105, 106 (1st Cir. 2009); *United States v. Melvin*, 556 F.3d 1190, 1191 (11th Cir. 2009).

> Section 1B1.10(b)(2)(A) imposes a limit on sentence reductions under § 3582(c)(2): Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Amendment 759 amended the referenced subdivision (B) to narrow the relief available. Now a defendants whose original sentence was below the new Guideline range is eligible for relief only if his original sentence was based on a downward departure based on substantial assistance to the government. See U.S.S.G. § 1B1.10(b)(2)(B) (2011). That exception does not apply to Anderson. The district court correctly applied the amended version of § 1B1.10(b) and concluded that Anderson was not eligible for relief. See also *Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010) (§ 1B1.10 is binding on requests for relief under § 3582(c)(2)).

To avoid this result, Anderson argues that *Dillon* is not controlling and that § 1B1.10(b)(2) should not be treated as binding, at least in his case, because the district court *never* treated the Guidelines as binding, even in his original sentencing. "To somehow treat the guidelines as non-binding in one venue and binding in the next venue is a clear abuse of discretion." App. Br. 8. Despite any superficial appeal this argument might have, it is wrong. Anderson's original sentence of 25 years remains final unless and until a lower sentence is authorized by law. Section 3582(c)(2) provides the only potential legal authority for lowering his sentence. It provides that in the case of retroactive reductions of Sentencing Guidelines, a court may reduce a defendant's sentence of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In other words, the only statutory authority for reducing Anderson's sentence delegates to the Sentencing Commission the power to impose limits on such reductions. With Amendment 759, which took effect November 1, 2011, the Commission imposed just such a limit in § 1B1.10(b)(2)(B). That limit does not violate Anderson's constitutional rights. See *Dillon*, 130 S. Ct. at 2693 (holding that limits of § 1B1.10 were both binding and constitutional when relief was sought under § 3582(c)(2)).

Finally, Anderson argues that the district court made a mistake in calculating the Guidelines for his original sentence. Anderson received a two-level enhancement under § 2D1.1(b)(1) for possession of a dangerous weapon because there were two handguns in his home along with the drugs when he was arrested. He received an additional two-level enhancement under § 3C1.2 for reckless endangerment during flight. While Anderson was handcuffed during execution of a search warrant, he ran from the home and managed to retrieve one of the handguns. Police officers subdued him and gained control of the firearm. Anderson contends this was improper double-counting according to § 3C1.2 and its Application Note 1. His theory now is that if two levels were removed, his newly amended Guideline range would be 292 to 365 months. Under this theory, the district court would have had legal authority to reduce his sentence by eight months, from 300 months to 292 months, the bottom of the amended range.

This argument also fails. Under § 3582(c)(2) and § 1B1.10(b)(1), the district court is not authorized to revisit Guideline issues not affected by the applicable amendment, as the Supreme Court held in *Dillon*. 130 S. Ct. at 2694 (affirming denial of relief based on correcting other Guideline calculations). Although we very much doubt that the district court double-counted (there is a big difference between merely having a gun present in the house and fleeing while handcuffed to retrieve a gun that could be used to attack police officers), the double-counting issue can no longer be raised.

AFFIRMED.