UNITED STATES of America

v.

Jesse JOHNSON.

Criminal No. 1:06cr48.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 13, 2013.

750 to the United States Sentencing Guidelines. Defendant argues that he is entitled to a reduced custody sentence of 97 months, which results from application of two reductions below the bottom of the amended guidelines range comparable to reductions previously imposed in this case, namely (i) an 8.5 percent reduction comparable to a downward departure that he contends (erroneously) was granted in the course of the original sentencing hearing, and (ii) an additional 24 percent reduction comparable to the reduction awarded on the government's motion pursuant to Rule 35, Fed.R.Crim.P. The government, however, contends that the maximum permissible § 3582(c) reduction in this case is a reduction to 106 months, which would include only a 24 percent reduction below the bottom of the amended guidelines range comparable to the 24 percent reduction granted in the course of the Rule 35 proceeding. The parties have fully briefed the question presented and the matter is ripe for resolution. Oral argument is dispensed with as the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.

Lisa Fialco, Todd Schneider, Michael Vasiliadis, Mysti Dawn Degani, Robert E. Friedman, United States Attorney's Office, Alexandria, VA, for United States of America.

## ORDER

T.S. ELLIS, III, District Judge.

At issue post-sentencing in this crack cocaine conspiracy case is the extent of the reduction in defendant's custody sentence that is authorized pursuant to 18 U.S.C. § 3582(c)(2) and retroactive Amendment

## I.

The record reflects that on February 28, 2006, defendant Jesse Johnson waived his right to an indictment and pled guilty to a one-count criminal information charging him with conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. By agreement of the parties, defendant was held accountable for at least 50 grams but less than 150 grams of crack cocaine, which resulted in a base offense level of 32 under the sentencing guidelines in effect at the time of sentencing on July 25, 2006. Defendant's base offense level was then increased four levels—two for defendant's role in the offense

and two for possession of a dangerous weapon—and finally reduced three levels for acceptance of responsibility, resulting in a total offense level of 33. This, combined with defendant's criminal history category of V, led to an advisory guidelines range of 210 to 262 months. Defendant was also subject to a ten-year statutory mandatory minimum term of imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). In the end, following consideration of the various factors set forth in 18 U.S.C. § 3553(a), defendant was sentenced to a variant custody sentence of 192 months, amounting to an 8.5 percent downward variance from the bottom of the advisory guidelines range in effect at the time of sentencing.[1]

The year after defendant was sentenced, the Sentencing Commission issued Amendment 706 to the sentencing guidelines, effective November 1, 2007, which essentially altered the drug quantity table set forth in U.S.S.G. § 2D1.1 to reduce the base offense level applicable to offenses involving certain quantities of crack cocaine. The Commission later added Amendment 706 to the list of Amendments set forth in § 1B1.10(c) which may be applied retroac-tivity to permit a reduction in a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) as a result of an amended guideline range. *See* Amendment 713, effective March 3, 2008; *United States v. McHan,* 386 F.3d 620, 622 (4th Cir.2004) (recognizing that a guidelines amendment may be applied retroactively only when expressly listed in § 1B1.10(c)).

Shortly after the Commission recognized the retroactivity of Amendment 706, defendant, by counsel, filed his first motion for a reduction in his custody sentence pursuant to 18 U.S.C. § 3582(c). In their respective briefs concerning defendant's first § 3582(c) motion, both defendant and the government erroneously represented that defendant's original below-guidelines custody sentence of 192 months had been the result of a government motion for a downward departure, pursuant to U.S.S.G. § 5K1.1, based on defendant's substantial assistance to law enforcement authorities.[2] Without the benefit of a sentencing transcript—which had not then been prepared by the court reporter—the parties' erroneous representation in this regard was assumed to be correct.

---

1. Defendant is mistaken insofar as he contends that his original below-guidelines custody sentence was the result of a government motion for a downward departure based on defendant's substantial assistance to law enforcement authorities, pursuant to U.S.S.G. § 5K1.1. Indeed, a review of the sentencing transcript makes unmistakably clear that no such § 5K1.1 motion was either filed by the government or addressed in the course of the sentencing hearing. In fact, the only reference to defendant's cooperation that was made in the course of the sentencing hearing pertained to the fact that defendant's cooperation was then ongoing and might *later* result in the government's filing of a motion for a reduction in defendant's sentence pursuant to Rule 35, Fed.R.Crim.P. And, as it happens, such a Rule 35 motion was eventually filed by the government, as discussed *infra*.

2. *See, e.g.,* Def. Br. (Doc. 31) at 7 (noting that "[t]he district court previously granted the government's motion for downward departure based upon Mr. Johnson's substantial assistance ... [and] [t]he district court departed approximately 8.5 percent from the low end of the old Guidelines range"); Gov't Br. (Doc. 33) at 2 (noting that "the defendant did receive a reduction of sentence for substantial assistance [at sentencing] ... [and] [t]he Court reduced the defendant's sentence by approximately 8.5 percent"). As already noted, a review of the sentencing transcript makes unmistakably clear that defendant's original below-guidelines sentence was not attributable to any government motion for a downward departure based on defendant's cooperation, but was instead simply a variant sentence based on consideration of the factors set forth in § 3553(a).

Because the parties erroneously believed that defendant's original below-guidelines custody sentence had resulted from a government § SK1.1 motion for a downward departure, the parties jointly requested in defendant's first § 3582(c) motion that defendant be granted a reduction from the bottom of the amended guidelines range comparable to the 8.5 percent reduction applied at the time of the original sentencing hearing. Consistent with the parties' joint request in this regard, defendant's first § 3582(c) motion was granted by Order dated October 17, 2008. and his custody sentence was accordingly reduced from 192 months to 154 months, with all other terms and conditions of his original sentence to remain in full force and effect. *See United States v. Johnson,* 1:06cr48 (E.D.Va. Oct. 17, 2008) (Order). This 154–month sentence amounted to an 8.5 percent reduction from the bottom of the amended guidelines range of 168 to 210 months.[3]

The year after defendant's first § 3582(c) reduction, the government filed a motion for a further reduction in defendant's custody sentence based on his substantial assistance to law enforcement authorities, pursuant to Rule 35, Fed. R.Crim.P. Significantly, this was the first and only motion filed by the government concerning defendant's cooperation in this case. Following a hearing, and by Order dated May 29, 2009, the government's Rule 35 motion was granted and defendant's custody sentence was accordingly reduced by an additional 24 percent, from 154 months to 117 months, with all other terms and conditions of defendant's sentence to remain in full force and effect. *See United States v. Johnson,* 1:06cr48 (E.D.Va. May 29, 2009) (Order).

Now at issue is defendant's second motion for a reduction in his sentence pursuant to § 3582(c), this one based on Amendment 750 to the sentencing guidelines. Like Amendment 706, Amendment 750 altered the drug quantity table set forth in § 2D1.1 of the guidelines to reduce the base offense level applicable to offenses involving certain quantities of crack cocaine. Also like Amendment 706, Amendment 750 was added to the list of Amendments set forth in § 1B1.10(c) which may be applied retroactivity to permit a reduc-

---

3. Retroactive application of Amendment 706 resulted in a two-level reduction to defendant's total offense level—from 33 to 31—and thus an amended guidelines range of imprisonment of 168 to 210 months. It is important to note that defendant's custody sentence would likely have been reduced only to 168 months—the bottom of the amended guidelines range—had the parties accurately represented in the course of defendant's first § 3582(c) proceeding that defendant's original custody sentence had been a variant sentence based on the factors set forth in § 3553(a), rather than the result of a government § 5K1.1 downward departure motion. Yet, it must also be noted that the additional 8.5 percent reduction that was granted in the course of defendant's first § 3582(c) proceeding was not expressly prohibited by the applicable guidelines and policy statements then in effect. *See* U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 1, 2008 version) (providing that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range ... may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) ..., a further reduction *generally* would not be appropriate") (emphasis added). As discussed *infra,* the applicable policy statement has since been amended to make clear that a reduction in a defendant's sentence to a term below the minimum of a defendant's amended guidelines range is permitted under § 3582(c) only to the extent that the defendant previously received a below-guidelines sentence "pursuant to a government motion to reflect the defendant's substantial assistance." U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 1, 2012 version).

tion in a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) as a result of an amended guideline range. *See* Amendment 759, effective Nov. 1, 2011.

As applied to the instant case, retroactive application of Amendment 750 results in an additional two-level reduction to defendant's total offense level—from 31 to 29—and thus an amended guidelines range of imprisonment of 140 to 175 months. Both parties agree that a further reduction in defendant's custody sentence is warranted and appropriate in light of Amendment 750. Where the parties disagree, however, is in the extent of the permissible § 3582(c) reduction. Defendant, for his part, argues that he is entitled to a reduced custody sentence of 97 months, which results from application of two separate comparable reductions, namely (i) an 8.5 percent reduction below the amended guidelines range comparable to the § 5K1.1 downward departure that he contends (erroneously) was granted in the course of the original sentencing hearing, and (ii) an additional 24 percent reduction below the amended guidelines range comparable to the reduction awarded in the course of the Rule 35 proceeding. The government, however, contends that the maximum permissible § 3582(c) reduction in this case is a reduction to 106 months, which would include only a 24 percent reduction below the bottom of the amended guidelines range comparable to the 24 percent reduction granted in the course of the Rule 35 proceeding. According to the government, this limitation is mandated by the fact that only the 24 percent departure granted in the course of the Rule 35 proceeding is properly attributable to defendant's substantial assistance to law enforcement authorities. As discussed below, a careful review of the controlling authority supports the government's position on this issue.

## II.

Analysis properly begins with the language of § 3582(c), the governing statute, which provides, in pertinent part, that

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Importantly, the Supreme Court has made quite clear that § 3582(c)(2) does not allow a "plenary resentencing," but instead operates as "a narrow exception to the rule of finality" that "permits a sentence reduction within the narrow bounds established by the [Sentencing] Commission." *Dillon v. United States,* 560 U.S. 817, 130 S.Ct. 2683, 2692, 2694, 177 L.Ed.2d 271 (2010). And, in this regard, Congress has granted the Commission the authority to "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment ... may be reduced" pursuant to § 3582(c). 28 U.S.C. § 994(u). Congress has further directed the Commission to make such specifications in the form of policy statements and § 3582(c)(2) expressly provides that district courts may only grant a sentence reduction if such reduction "is consistent with" the Commission's policy statements. 28 U.S.C. § 994(u); 18 U.S.C. § 3582(c)(2) (providing that a district court may grant a § 3582(c) sentence reduction only "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission").

Here, it is undisputed that U.S.S.G. § 1B1.10 is the applicable policy statement governing the instant § 3582(c) proceeding. It is also clear that § 1B1.10 is binding insofar as it limits the extent of a permissible § 3582(c) reduction in this case. *See Dillon,* 130 S.Ct. at 2691 (recognizing that "[t]he court is ... constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced' "). And significantly, § 1B1.10, by its current terms,[4] expressly provides that a reduction in a defendant's sentence to a term below the minimum of a defendant's amended guidelines range is permitted under § 3582(c) only to the extent that the defendant previously received a below-guidelines sentence "pursuant to a government motion to reflect the defendant's substantial assistance." U.S.S.G. § 1B1.10(b)(2)(B).[5] In other words, the current version of § 1B1.10 makes unmistakably clear that a district court may reduce a defendant's sentence below the bottom of the amended guidelines range only if the reduction would be comparable to a reduction given earlier for providing substantial assistance to law enforcement authorities. Courts in this circuit[6] and elsewhere[7] have recently recognized and applied this policy statement.

4. Application Note 6 to U.S.S.G. § 1B1.10 provides that "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." It is therefore clear that the version of § 1B1.10 applicable to resolution of defendant's second § 3582(c) motion is the version that became effective on November 1, 2012. As it happens, the November 1, 2012 version is identical to the November 1, 2011 version that was in effect at the time the parties' respective briefs were filed. Surprisingly, defendant, in all three of his briefs in support of his second § 3582(c) motion, mistakenly relies on the pre–2011 version of U.S.S.G. § 1B1.10. Defendant fails to address the revised version of that policy statement which, of course, is the policy statement governing the instant proceeding.

5. That pertinent policy statement provides, in full, as follows:
   (2) *Limitation and Prohibition on Extent of Reduction.—*
   (A) *Limitation.*—Except as provided in subdivision (B), the court *shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range ...
   (B) *Exception for Substantial Assistance.*— If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range ... may be appropriate.
   U.S.S.G. § 1B1.10(b) (emphasis added).

6. *See, e.g., United States v. Everhart,* 487 Fed. Appx. 81, 82 (4th Cir.2012) (citing the current version of U.S.S.G. § 1B1.10(b)(2) for the proposition "that the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range, except when the defendant's original sentence was below the original Guidelines range due to the defendant's substantial assistance to the Government") (internal quotation marks omitted).

7. *See, e.g., United States v. Anderson,* 686 F.3d 585, 588 (8th Cir.2012) (recognizing that the Sentencing Commission "amended § 1B1.10, effective November 1, 2011, to provide that a district court may only reduce a defendant's sentence below the bottom of the amended guideline range if the reduction would be 'comparabl[e]' to one given earlier for providing 'substantial assistance to authorities' "); *United States v. Glover,* 686 F.3d 1203, 1207 (11th Cir.2012) (recognizing that "[a]fter Amendment 759, ... a district court may lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government"); *Unit-*

As applied here, the binding policy statement set forth in § 1B1.10 limits the extent of the permissible § 3582(c) reduction of defendant's sentence to a term below the amended guidelines range to a reduction that is comparable to the 24 percent reduction granted on the government's substantial assistance motion filed pursuant to Rule 35, Fed.R.Crim.P. Contrary to defendant's present contentions, and contrary to both parties' erroneous recollections made in the course of the first § 3582(c) proceeding, the 8.5 percent reduction below the bottom of the original guidelines range that was imposed at the original sentencing hearing was simply a variance from the guidelines that was deemed warranted following consideration of the various factors set forth in § 3553(a). Indeed, as already noted, a review of the sentencing transcript makes unmistakably clear that defendant's substantial assistance to law enforcement authorities played no role whatsoever in the imposition of defendant's *original* sentence.

In the end, Amendment 750 to the sentencing guidelines warrants a reduction in defendant's custody sentence to a total of 106 months. This constitutes a 24 percent reduction below the bottom of the amended guidelines range, which, again, is 140 to 175 months. Not only is this the maximum permissible reduction that is authorized pursuant to § 3582(c) and the current version of U.S.S.G. §§ 1B1.10, but it is also the reduction deemed appropriate in this case following consideration of the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) *See* 18 U.S.C. § 3582(c)(2) (providing that "in the case of a defendant who has been sentenced to a

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

## III.

Accordingly, for the foregoing reasons, and for good cause,

It is hereby **ORDERED** that defendant's motion for a reduction in his sentence pursuant to § 3582(c) (Doc. 57) is **GRANTED** insofar as defendant's custody sentence is **REDUCED** to a total of 106 months, with all other terms and conditions applicable to defendant's sentence to remain in full force and effect. Defendant's § 3582(c) motion is **DENIED** insofar as defendant requests a greater reduction in his custody sentence.

The Clerk is directed to send a copy of this Order to the Bureau of Prisons and all counsel of record.

ed States v. Anderson, 488 Fed.Appx. 129, 130–31 (7th Cir.2012) (noting that "Amendment 759 amended ... [the policy statement set forth in § 1B1.10] to narrow the relief available" and now a defendant "whose original sentence was below the new Guideline range is eligible for relief only if his original sentence was based on a downward departure based on substantial assistance to the government").