**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dexter ANDERSON, Defendant– Appellant.**

**No. 13–2872.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 6, 2013.[*]

Decided Dec. 20, 2013.

William J. Roach, Attorney, Office of the United States Attorney, Green Bay, WI, for Plaintiff–Appellee.

Dexter Anderson, Milan, MI, pro se.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2).

Before RICHARD A. POSNER, Circuit Judge, JOHN DANIEL TINDER, Circuit Judge, and DAVID F. HAMILTON, Circuit Judge.

## ORDER

Dexter Anderson appeals from the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's retroactive amendment of the crack-cocaine sentencing guidelines. *See* U.S.S.G. app. C, amend. 750. This is Anderson's third effort to obtain relief under § 3582(c)(2) from his below-guidelines, 300–month sentence for several crack-cocaine and firearm offenses. We upheld the district court's denials of his first two motions, the second of which was based on Amendment 750. *See United States v. Anderson*, 365 Fed.Appx. 17 (7th Cir. 2010); *United States v. Anderson*, 488 Fed.Appx. 129 (7th Cir.2012). Anderson's third attempt again relied on Amendment 750, but Congress has authorized only one sentence-reduction motion in response to a given change in the Guidelines. *See United States v. Redd*, 630 F.3d 649, 651 (7th Cir.2011). Anderson may not use this successive motion to make a different argument for relief under Amendment 750, *see id.*, so the district court was right to deny his motion.

AFFIRMED.