FILED
United States Court of Appeals
Tenth Circuit

**July 31, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR VALDEZ,

Defendant - Appellant.

No. 12-1025

(D. Colorado)

(D.C. No. 1:05-CR-00374-PAB-22)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant, Victor Valdez, moved for a sentence reduction

pursuant to 18 U.S.C. § 3582(c)(2) to take advantage of the amended provisions

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of the United States Sentencing Commission, Guidelines Manual ("USSG"), relating to crack cocaine. The district court granted the motion and revised Valdez's sentence to the extent allowed by the cocaine Guidelines amendments. The court denied, however, any further reduction (like the one Valdez received in his original sentence) based upon Valdez's criminal history. On appeal, Valdez contends that the court erred when it refused to depart downward one criminal history category. For the reasons stated below, we hold that the Guidelines do not permit the further remedy in question; thus, the district court did not err and we affirm the revised sentence.

**BACKGROUND**

On March 31, 2006, Valdez pled guilty to one count of a second superceding indictment charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) and (b)(1)(A)(iii). After granting the Government's motion for a 25% downward departure for substantial assistance, pursuant to USSG §5K1.1, the district court initially sentenced Valdez to 202 months' imprisonment. Significantly for this appeal, in calculating that sentence, the court reduced Valdez's criminal history from a category III to a category II after concluding that category III "significantly over-represents the seriousness of [Valdez's] criminal history and

the likelihood that he will commit further crimes." Mem. of Sent. Hr'g at 4, R. Vol. 2 at 83.

A series of motions followed, including Valdez's motion to reduce his sentence under 18 U.S.C. § 3582(c) in reliance on Amendment 706 to the Guidelines, which retroactively lowered the base offense levels for crack cocaine offenses. See USSG app. C, amend. 706 (effective Nov. 1, 2007). Because the drug quantities involved in this case did not permit a reduction in Valdez's base offense level, the district court denied Valdez's § 3582(c) motion based upon Amendment 706. Our court affirmed that decision on direct appeal. United States v. Valdez, 320 Fed. Appx. 863 (10th Cir. April 8, 2009) (unpublished).

On November 1, 2011, another amendment altered the Guidelines pertaining to crack cocaine. See USSG app. C, amend. 750 (effective Nov. 1, 2011). Amendment 750 retroactively implemented the Fair Sentencing Act ("FSA"), which reduced the disparity between crack and powder cocaine sentences from 100:1 to 18:1.[1] See Dorsey, 132 S. Ct. at 2329; United States v. Osborn, 679 F.3d 1193, 1194 (10th Cir. 2012). Following this retroactive Amendment, Valdez filed motions invoking Amendment 750 and seeking a sentence of 128 or 129 months.

_____

[1]The FSA took effect on August 3, 2010. The Sentencing Commission promulgated emergency Guidelines amendments implementing the FSA's cocaine revisions, which became effective on November 1, 2010. 75 Fed. Reg. 66188 (2010). A permanent version of those Guidelines amendments took effect on November 1, 2011. See Dorsey v. United States, 132 S. Ct. 2321, 2329 (2012).

Subsequently, on December 2, 2011, the Government and the Federal Public Defender appointed to represent Valdez jointly filed an "Unopposed Motion for Retroactive Application of Sentencing Guidelines." This motion asked the court to reduce Valdez's sentence to 176 months' imprisonment. On December 6, 2011, the United States Probation Office filed an Addendum to the presentence report ("PSR") recommending a 176-month sentence as well. Neither the motion nor the addendum advocated for a further sentence reduction based on a criminal history category reduction from III to II.

One week later, Valdez, in turn, filed a *pro se* "Objection and Response," arguing that the joint "Unopposed Motion" was inadequate in that it failed to advocate for an even lower sentence of 162 months, on the ground that the new sentence should contain the same departure from criminal history category III to II that the original sentence did. The district court then requested briefs from the parties regarding the issue of whether USSG §1B1.10(b)(2)(B) allowed such a criminal history departure and, if it did, whether it would be appropriate to so depart in this case.

Both the Government and the Federal Public Defender argued that such a further departure was prohibited by the November 1, 2011, amendment to USSG §1B1.10(b)(2)(B). Prior to its amendment, §1B1.10(b)(2)(B) provided in pertinent part:

> If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

USSG §1B1.10(b)(2)(B) (2010). Following the 2011 permanent amendment, the section now reads:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing <u>pursuant to a government motion to reflect the defendant's assistance to authorities</u>, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

USSG §1B1.10(b)(2)(B) (2011) (emphasis added). The amended Application Note 1 to the amended §1B1.10(b)(2)(B) provides that the "guideline range" in the amended (current) section is "the offense level and criminal history category determined pursuant to §1B1.10(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG §1B1.10, comment. (n.1). The Government argues that this "change dramatically narrowed the prior general provision, . . . and precluded [counsel] from arguing that this guideline provision permits reductions based on prior grants of criminal history departures." Appellee's Br. at 7.

On January 12, 2012, the district court issued its decision regarding

Valdez's motion to further reduce his sentence:

> under §1B1.10(b)(2)(B), as amended effective November 1, 2011, the Court cannot reduce the term of imprisonment to a term comparably less than the amended guidelines range since §1B1.10(b)(2)(B) is now limited to below guideline sentences that occurred as a result of a government motion pursuant to § 5K1.1. A departure for over representation of criminal history would constitute an impermissible reduction below the minimum of the amended range. Thus, the Court will not reduce the defendant's sentence to make it consistent with criminal history category II.

Mem. Regarding Def.'s Mot. to Reduce Sent. at 4, R. Vol. 2 at 409. Furthermore,

the court stated, "[a]fter considering the factors set forth in 18 U.S.C. § 3553(a),

the factors set forth in Paragraph 6 above, and the December 7, 2011 addendum to

the presentence investigation report, the Court determines that a sentence of 176

months is appropriate in this case." Id. This appeal followed.


## DISCUSSION

Valdez argues that the "district court imposed an unreasonable sentence

when it committed procedural and substantive error during the resentencing

process." Appellant's Br. at 11. More specifically, he claims the court erred

when it held, as a matter of law, that it could not reduce Valdez's sentence on

resentencing on the ground that his criminal history category overrepresented his

actual criminal history. Valdez argues that "the uniqueness of the 3553(a)

factors, the fact that Mr. Valdez's criminal history calculation significantly over-

represents the seriousness of his actual criminal history, and the need to avoid inconsistency between Mr. Valdez's original sentence and his new sentence" mandate a sentence no greater than 157 months.  Id.

The issue of the district court's authority to reduce Valdez's sentence based on criminal history is the sole issue in this appeal, and it is a legal question which we review de novo.  United States v. Williams, 575 F.3d 1075, 1076 (10th Cir. 2009) ("We review *de novo* the scope of a district court's authority in a proceeding under § 3582(c)(2).").

After carefully considering the language of § 3582(c)(2), as well as the relevant Guidelines provisions, we conclude that the district court correctly held that it lacked authority to reduce Valdez's sentence to a level below the amended Guideline range based on the criminal history downward departure from category III to category II made at Valdez's original sentencing.  Under 18 U.S.C. § 3582(c)(2), after a sentence has been imposed "a district court has the authority to modify the sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with" applicable Commission policy statements.  Osborn, 679 F.3d at 1196 (quoting 18 U.S.C. § 3582(c)(2)); see also Dillon v. United States, 130 S.

Ct. 2683, 2687 (2010). We accordingly consider the applicable Commission

policy statements.

The policy statement governing § 3582(c)(2) proceedings is USSG

§1B1.10(b)(2)(B). By its current terms, it only permits a further reduction below

the minimum of an amended Guideline range to the extent the original term of

imprisonment was below the range then applicable "pursuant to a government

motion to reflect the defendant's substantial assistance." USSG

§1B1.10(b)(2)(B). Thus, on its face, the applicable Commission policy statement

appears to prohibit a sentence reduction based on anything other than substantial

assistance.[2]

Furthermore, the Commission policy statement provides that a court

proceeding under § 3582(c)(2) "shall substitute" the amended Guidelines range

for the initial range "and shall leave all other guideline application decisions

unaffected." USSG §1B1.10(b)(1). Valdez suggests that the language relating to

leaving "all other guideline application decisions unaffected" actually supports

his view that his reduced criminal history category should be applied in the

§ 3582(c)(2) sentence reduction proceedings. As we explain more fully below,

the relevant Application Notes reject Valdez's interpretation, because they make

it clear that the "guideline range" affected by a § 3582(c)(2) proceeding is the

---

[2]Valdez has already received a reduction based upon his substantial
assistance. The issue in this case is whether he is entitled to a *further* reduction
based upon a criminal history category adjustment.

range calculated *before* any departure or variance from the Guideline calculation. See USSG §1B1.10, comment. (n.1(A)); see also Dillon, 130 S. Ct. at 2694 ("Because the aspects of his sentence that [defendant] seeks to correct were not affected by the Commission's amendment to §2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them.").

The Application Notes for §1B1.10 reinforce this interpretation: "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category . . . which is determined <u>before consideration of any departure provision in the Guidelines Manual or any variance</u>." USSG §1B1.10, comment. (n.1(A)). Additionally, the Application Notes expressly state that "[s]ubsection (b)(2)(B) . . . applies <u>if</u> the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance." USSG §1B1.10, comment. (n.3). Thus, only "if" the term of imprisonment was lowered pursuant to a substantial assistance motion may a defendant seek a further reduction under USSG §1B1.10(b)(2)(B).

Valdez further argues that 18 U.S.C. § 3553(a), which provides the sentencing factors to be considered when a court imposes a sentence, supports his

entitlement to a criminal history reduction upon resentencing. We disagree, because a sentence reduction proceeding under § 3582(c)(2) does not provide a new plenary sentencing opportunity. Dillon, 130 S. Ct. at 2694 (stating that "§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission."); United States v. McGee, 615 F.3d 1287, 1293 (10th Cir. 2010) (noting that the Court in Dillon "made clear that proceedings under § 3582(c)(2) are neither sentencing nor resentencing proceedings") (further quotation omitted). There is therefore no obligation to re-examine all of those sentencing factors in the same manner as a court does in an initial sentencing proceeding.[3]

Finally, the sparse case law on this issue supports our view. In United States v. Glover, ___ F.3d ___, 2012 WL 2814303 (11th Cir. July 11, 2012), the court stated, "[a]fter Amendment 759, . . . a district court may lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government." Id. at *4 (emphasis added); accord,

---

[3]In particular, Valdez alleges that the failure to grant him a criminal history reduction in his § 3582(c)(2) sentence reduction proceeding violates § 3553(a) because it allows there to be a disparity in applicable criminal history category between his original sentence and his newer sentence. While § 3553(a) disapproves of sentencing disparities, those prohibited disparities are between different defendants in similar situations; the disfavored disparities are not between an original sentence and a later reduced sentence for the same defendant.

United States v. Anderson, ___ F.3d ___, 2012 WL 3023497, at *3 (8th Cir. July 25, 2012) (noting that the Commission policy statement "limit[ed] reductions below the amended guideline range to an amount comparable to an earlier reduction for substantial assistance"); United States v. Anderson, 2012 WL 2673106, at *2 (7th Cir. July 6, 2012) (unpublished) (stating that a defendant "whose original sentence was below the new Guideline range is eligible for relief only if his original sentence was based on a downward departure based on substantial assistance to the government") (emphasis added).

In United States v. Penn, 2012 WL 3017865 (W.D. Pa. July 23, 2012), the defendant made the identical argument as Valdez makes in this case: defendant "argues that the appropriate amended advisory guideline [pursuant to an 18 U.S.C. § 3582(c)(2) proceeding] should also include a reduction in his criminal history category from V to IV, to reflect the fact that at [his original] sentencing we stated that criminal history category IV was likely more reflective of [defendant's] actual criminal history." Id. at *2. The court squarely rejected this argument:

> Prior to the recent Amendments to the section 1B1.10, its Commentary, and Application Notes, it was permissible for a court who had varied or departed at the original sentencing upon imposing a retroactive reduction to a defendant's sentence to reduce the sentence in the same proportion as the court varied or departed. That avenue is now foreclosed except in the cases of substantial assistance.

Id. at *8 (emphasis added); accord, United States v. Flemming, 2012 WL 33019 (E.D. Pa. Jan. 5, 2012).

Furthermore, courts have made it clear that, consistent with the language of Application Note 1(A), the relevant Guideline range eligible for reduction under an amended Guideline is the range determined before any departure provision, such as a criminal history category reduction, in the Guidelines. See, e.g., United States v. Rivera, 662 F.3d 166, 183 (2d Cir. 2011) (recognizing that the November 1, 2011, amendment to §1B1.10 "prescribe[s] the precise construction of applicable guideline range" . . . [to be] the pre-departure range from the initial sentencing); United States v. Hinds, 2012 WL 73191, at *4 (E.D. Wis. Jan. 10, 2012) (noting that "the Commission clarified that the applicable guideline range referred to in §1B1.10 is the guideline range determined before consideration of any departure or variance").

In short, it is clear as a matter of law that the district court correctly held that, except for a reduction for substantial assistance, it lacked the authority to depart further from the amended Guideline on the ground that Valdez had received a criminal history category reduction in his original sentencing proceeding.

## CONCLUSION

We accordingly affirm the district court's decision denying Valdez any further sentence reduction, and AFFIRM the sentence as revised.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge