[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14840
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00009-TJC-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE KEITH WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 9, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Dwayne Wright appeals the district court's denial of his motion for a

sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the

Sentencing Guidelines.  Wright is currently serving a total 84-month sentence that

includes 24 months for his convictions for possession of a firearm by a convicted felon (Count 4) and possession with intent to distribute cocaine and five or more grams of cocaine base (Count 6); and a mandatory consecutive 5-year sentence for his conviction for possession of a firearm in furtherance of a drug trafficking crime (Count 7).  Wright's 24-month sentence was below his advisory guideline range of 100 to 125 months, based on both a U.S.S.G. § 5K1.1 substantial assistance departure and an 18 U.S.C. § 3553(a) variance, although the sentencing court did not indicate to what extent its sentence accounted for each of these grounds.  In this appeal from the order denying his § 3582(c)(2) motion, Wright argues that: (1) the rule of lenity requires a § 3582(c)(2) reduction in his favor because § 1B1.10(b) is ambiguous regarding what to do in his factual situation -- where it is unclear how the district court calculated his sentence, and where a § 5K1.1 departure of 11 or more levels at his original sentencing would mean that his applicable guideline range was lowered by Amendment 750; and (2) U.S.S.G. § 1B1.10(b)(2), as amended by Amendment 759 to the Sentencing Guidelines, violated the Ex Post Facto Clause, exceeded the U.S. Sentencing Commission's authority, and violated the separation of powers doctrine.  After thorough review, we affirm.

We review de novo the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).  We are bound by the opinion of a prior panel unless the Supreme

Court or this Court sitting en banc overrules that opinion. Id. The defendant bears the burden of establishing that a retroactive amendment actually lowers his guidelines range. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The amendment relied upon for § 3582(c)(2) relief must lower the "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10, comment. (n.1(A)). If the amendment lowers the defendant's guideline range, the district court may resentence the defendant, but it may not sentence the defendant to a sentence that is below the low end of the amended guideline range. Id. § 1B1.10(a), (b)(2)(A). However, the Guidelines provide an exception to this rule and allow the district court to reduce the defendant's sentence below the amended range if the original sentence imposed was below the applicable guideline range because of a reduction based upon the defendant's substantial assistance to authorities. Id. § 1B1.10(b)(2)(B). This exception only applies to reductions based

3

on substantial assistance following a government motion pursuant to § 5K1.1, 18 U.S.C. § 3553(e), or Fed.R.Crim.P. 35(b).  Id. § 1B1.10, comment. (n.3).

Prior to 2011, the exception in § 1B1.10(b)(2)(B) permitted the district court to reduce a defendant's sentence below the amended guideline range if the original term of imprisonment was below the applicable guideline range, and was not limited to below-guidelines sentences based on substantial assistance departures. See U.S.S.G. § 1B1.10(b)(2) (2010).  Enacted in 2011, Amendment 759 revised the policy statement located in § 1B1.10 governing motions for sentence reductions under § 3582(c)(2) and restricted the district court's discretion to reduce a sentence below the amended guideline range except for a comparable reduction when the defendant originally received a below range sentence based on substantial assistance.  U.S.S.G. App. C, amend. 759 (2011).

In United States v. Colon, an appeal from a denial of a § 3582(c)(2) motion pursuant to Amendment 750, we addressed an appellant's arguments regarding the legality of Amendment 759.  707 F.3d 1255, 1257-58 (11th Cir. 2013).  First, we held that Amendment 759 did not violate the Ex Post Facto Clause because Amendment 759's restriction on the district court's discretion did not increase the appellant's punishment above what it was at the time the she committed her crimes.  Id. at 1258-59.  Second, we concluded that the Sentencing Commission did not exceed its authority under the Sentencing Reform Act, 28 U.S.C. § 994, by

4

amending § 1B1.10(b) through Amendment 759, because § 994(a) gave the Commission authority to issue policy statements governing sentencing reductions, and § 994(u) required the Commission to specify the circumstances in which a sentence may be reduced based on a retroactive amendment to the Sentencing Guidelines. Id. at 1259-60. Furthermore, we said that § 1B1.10(b) does not override a court's decision to vary downward at the original sentencing proceeding, but instead limits the court's discretion to award a new variance in a § 3582(c)(2) proceeding. Id. at 1260. Third, we held that Amendment 759 did not violate the separation of powers doctrine because "nothing in § 1B1.10(b) requires a court to undo its original sentencing determinations." Id. Instead, § 1B1.10(b) limits the court's discretion in applying Amendment 750 to previous sentences, a limitation that Congress authorized the Commission to impose. Id.

To determine a base offense level for an offense that involved different controlled substances, each substance is to be converted to its marijuana equivalent, the quantities are to be added together, and then the offense level is to be determined based on reference to the Drug Quantity Table. See U.S.S.G. § 2D1.1, comment. (n.8(B)) (2012). Pursuant to the 2008 Guidelines, under which Wright initially was sentenced, 1 gram of crack cocaine was equivalent to 20 kilograms of marijuana. U.S.S.G. § 2D1.1, comment. (n.10(E)) (2008). One gram of powder cocaine was equivalent to 200 grams of marijuana. Id.

Amendment 750, which applies retroactively, equated 1 gram of crack cocaine to 3,571 grams of marijuana. U.S.S.G. App. C, amend. 750 (2011); U.S.S.G. § 2D1.1, comment. (n.8(D)). Amendment 750 did not amend the marijuana equivalency for powder cocaine, and it remains that 1 gram of powder cocaine is equivalent to 200 grams of marijuana. U.S.S.G. § 2D1.1, comment. (n.8(D)). A defendant's base offense level is 26 if he was held accountable for at least 100 kilograms, but less than 400 kilograms, of marijuana. U.S.S.G. § 2D1.1(c)(7) (2012).

"The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." United States v. Santos, 553 U.S. 507, 514 (2008). "The simple existence of some statutory ambiguity, however, is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." Muscarello v. United States, 524 U.S. 125, 138 (1998). In order for the rule of lenity to apply, there must be a "grievous ambiguity or uncertainty in the statute." Id. at 138-39 (quotations omitted).

Here, the district court did not err in concluding that it lacked authority under § 3582(c)(2) to reduce Wright's sentence because Wright did not show that his amended guideline range pursuant to Amendment 750 was lower than his current sentence. Although the sentencing court did not indicate how many levels it departed downward under § 5K1.1, the record is devoid of support for Wright's

6

claim that the district court had imposed an 11-level § 5K1.1 departure, which he admits is what would be necessary in order for him to be eligible for § 3582(c)(2) relief. As the record shows, prior to sentencing, the government moved for a 4-level substantial assistance departure, and the minute entry from sentencing states that the court granted the government's motion. At sentencing, Wright specifically asked for a 6-level § 5K1.1 based on his extraordinary assistance, and never made any mention of a greater § 5K1.1 departure than that. When the court sentenced Wright, it first calculated his total sentence with a 4-level § 5K1.1 departure, which it indicated would be 130 months. It then stated that it was going to give him a lower sentence because Wright should not be given up on, and concluded that it was going to give him the best sentence it could and still comply with § 3553(a). Moreover, at the § 3582(c)(2) hearing, the court's comments strongly indicated that it had intended, at most, a 6-level departure. Wright's amended offense level following a 6-level departure would be 17, and, when combined with his criminal history category of IV, would yield an amended guideline range of 37 to 46 months. U.S.S.G. Ch. 5, Pt. A (table). Accordingly, because Wright's amended guideline range, accounting for the greatest requested § 5K1.1 departure, is greater than his original sentence of 24 months, he is ineligible for § 3582(c)(2) relief.

Further, Wright has not shown any "grievous ambiguity or uncertainty" in § 1B1.10(b)(2)(B), and, thus, the rule of lenity does not apply in this case. Rather

than being ambiguous, § 1B1.10(b)(2)(B) clearly limits the district court's ability to further reduce a defendant's sentence below his amended guideline range to situations where a substantial assistance departure previously was given. See U.S.S.G. § 1B1.10(b)(2)(B). Wright's unusual factual situation does not make that guideline grievously ambiguous or uncertain, but instead implicates his ability to show that he is eligible for the exception provided for in § 1B1.10(b)(2)(B).

Nor are we persuaded by Wright's claim that § 1B1.10, as amended by Amendment 759, violates the Ex Post Facto Clause, exceeds the Sentencing Commission's authority, and violates the separation of powers doctrine. As he acknowledges, our precedent in Colon squarely forecloses those arguments, and we are bound by the opinion of a prior panel that has not been overturned by the Supreme Court or our Court sitting en banc. See Colon, 707 F.3d at 1258-60; Lawson, 686 F.3d at 1319.

Accordingly, we affirm the district court's denial of Wright's § 3582(c)(2) motion. In addition, this case is not appropriate for summary affirmance and further briefing is unnecessary, so we deny the government's motion for summary affirmance.

**AFFIRMED.**

8