<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

File Name: 15a0142n.06

Case No. 14-5535

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Feb 24, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| BIRDIE ANDERSON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: McKEAGUE and KETHLEDGE, Circuit Judges; HOOD, District Judge.[*]

**HOOD**, District Judge.

Defendant-Appellant Birdie Anderson appeals the application of the sentencing enhancement for sophisticated means pursuant to U.S. Sentencing Guidelines § 2B1.1(b)(10)(C). Anderson pled guilty to making false statements and theft of more than $1,000 of public money in violation of 18 U.S.C. §§ 1001, 641. At sentencing, the district court applied the enhancement, considered the 18 U.S.C. § 3553(a) factors, and imposed a sentence of 24 months. For the following reasons, we **AFFIRM** the judgment of the district court.

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I.

Between 2006 and 2009, Birdie Anderson applied for and received three grants from the U.S. Department of Veterans Affairs ("VA") totaling $364,343, purportedly for the purpose of building and operating residential facilities for homeless veterans in Nashville. [R. 15 at 4-8]. It was later discovered that Anderson's applications contained a number of misrepresentations and that she had misused the approved funds. [*Id.*]. Anderson pled guilty on April 1, 2013, to one count of making false statements to the government in violation of 18 U.S.C. § 1001(a)(1), and one count of theft in violation of 18 U.S.C. § 641. [3:13-cr-8, DE 17].

Prior to sentencing, the U.S. Probation Office issued a Presentence Report ("PSR") in which it advised the district court that Anderson's total offense level should be 17 with a criminal history category of I, resulting in a Guidelines sentencing range of 24 to 30 months. [R. 15 at 8-10]. At the sentencing hearing on April 18, 2014, the prosecution objected to the PSR's exclusion of the sophisticated means enhancement[1] and called Michael Keen, an investigator for the VA, to testify to the complexity of the crime. [3:13-CR-8, DE 58 at PAGE ID #188-253]. Following the examination of the witness, the district court determined that "the government … proved that the enhancement should apply by a preponderance of the evidence not because of the individual actions on the three grants but because of how they worked in tandem to make this a sophisticated, complex and intricate fraud in its entirety." [*Id.* at PAGE ID #253-56]. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C) (2013). With the enhancement, Anderson's total offense level was 19, which carries a Guidelines sentencing range of 30 to 37 months.

---

[1] The U.S. Sentencing Guidelines label "sophisticated means" as a "specific offense characteristic" that warrants a two-level increase in the defendant's base offense level. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C) (2013). However, the Guidelines also use the term "enhancement" for the same concept, and this is also the word used by the district court below and in common parlance. As such, we will refer to the specific offense characteristic for sophisticated means as an enhancement herein.

The district court then considered at length the sentencing factors set forth in 18 U.S.C. § 3553(a). [3:13-CR-8, DE 58 at PAGE ID #310-16]. Weighing the factors, the court explained that the government's request for 36 months was greater than necessary and that the defendant's request for probation would not be sufficient, particularly due to Anderson's repeated conduct. [*Id*. at PAGE ID #314]. Rather, the court found that "a modest variance [was] appropriate" because the level of sophistication was not high, Anderson had no criminal history and did "good works" in the past, and the government received some benefit from her work. [*Id*. at PAGE ID #315-16]. In explaining its reasons for the variance, the court commented on the degree of the sophistication of Anderson's offense as follows:

> I think the sophisticated means enhancement applies, but this is not a terribly sophisticated crime. I mean literally the guideline applies, but the way the commentary reads, almost everything is sophisticated enhancement. … So I did find the enhancement applied, but it is really overstated as to this case.

[*Id*. at PAGE ID # 315]. The court then ruled that "what is sufficient but not greater than necessary is a sentence of 24 months in the Bureau of Prisons" and the district judge stated, "I am doing a downward variance to level 17 for a 24 months sentence." [*Id*. at PAGE ID #316]. The district court imposed a sentence of 24 months on each of the two counts, to be served concurrently. [*Id*.]. This timely appeal followed.

**II.**

Anderson argues that the district court erred in applying the sophisticated means enhancement. We do not reach the merits of this argument because we find that the application of the enhancement, if error, was harmless.

To establish harmless error, the government must prove that the alleged error did not affect the defendant's substantial rights. *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006). "To carry this burden, the government must demonstrate to this Court with certainty that

the error at sentencing did not cause the defendant to receive a more severe sentence." *Id*. (internal quotation marks and citations omitted).

The record here supports the government's contention that the application of the sentencing enhancement, even if error, did not cause Anderson to receive a more severe sentence. First, after finding that the enhancement applied for an offense level of 19, the district court considered the § 3553(a) factors and granted a downward variance from level 19 to 17 for a sentence of 24 months. If the court had not applied the enhancement, Anderson's offense level would have been 17 and her Guidelines sentencing range 24 to 30 months. Accordingly, Anderson's 24-month sentence with the enhancement still falls at the lowest end of the range that would have been applied without the enhancement.

Second, the government has shown that the sentence was based on the district court's extensive analysis of Anderson's offense and background, and that the court remained largely ambivalent about the enhancement and the level of sophistication of Anderson's crime. The court interpreted the Guidelines to define "almost everything" as sophisticated and expressly discounted the application of the enhancement, whether correctly or incorrectly, finding sophistication "really overstated as to this case." [3:13-CR-8, DE 58 at PAGE ID # 315]. This comment followed the court's lengthy examination of the § 3553(a) factors, each unrelated to the crime's sophistication. The court then went on to find a modest variance appropriate, not solely because of the application of the enhancement, but for additional reasons that included Anderson's clean criminal record, earlier good works, and the fact that the government received some benefit from her work. [*Id*. at PAGE ID # 315-16]. The court then determined a 24-month sentence to be sufficient but not greater than necessary to achieve the goals set forth in § 3553(a)(2) and varied downward from level 19 to 17 to that end. It is clear from this record

that the district court imposed the 24-month sentence based on its findings related to Anderson's crime and background, regardless of the application of the enhancement.

Anderson speculates that had the district court started at level 17 rather than 19, the downward variance may have resulted in a sentence below 24 months given the several other mitigating factors in the court's analysis. While Anderson makes a colorable argument, the district court could have varied downward further if it found those factors warranted a lower sentence, but it did not. In fact, the court rejected the defendant's request for probation, finding probation would not be a sufficient sentence because of the defendant's repeated conduct. [*Id*. at PAGE ID # 314]. Moreover, Anderson's argument fails to take account of the district court's ambivalence towards the enhancement. The court imposed a sentence of 24 months based largely on factors unrelated to the sophistication enhancement, indicating that the removal of the enhancement would not change the result. The enhancement, if applied in error, did not cause Anderson to receive a more severe sentence. Hence, the application of the enhancement is harmless.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**