RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0057p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

—————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 15-5930

KIMBERLY D. TAYLOR,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 2:11-cr-00047—Robert Leon Jordan, District Judge.

Argued: January 28, 2016

Decided and Filed: March 7, 2016

**Before:** MERRITT, GIBBONS, and McKEAGUE, Circuit Judges.

—————————

## COUNSEL

**ARGUED:** Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellant. Debra A. Breneman, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellant. Caryn L. Hebets, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

GIBBONS, J., delivered the opinion of the court in which McKEAGUE, J., joined. MERRITT, J. (pg. 7), delivered a separate dissenting opinion.

---

**OPINION**

---

JULIA SMITH GIBBONS, Circuit Judge.  Kimberly Taylor appeals the district court's denial of her motion for reconsideration of a sentence reduction under 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines.  Taylor was eligible for a sentence reduction pursuant to the new drug offense levels established by Amendment 782, and the district court reduced her sentence 19 percent below her amended guidelines range to account for the substantial assistance departure she received as part of her original below-guidelines sentence.  Because Taylor's original sentence also included a downward variance, she requested a further reduction in a motion for reconsideration that the government joined.  The district court denied this motion, stating that U.S.S.G. § 1B1.10(b)(2) restricts a district court's discretion to impose a new below-guidelines sentence based on any factor but a departure for substantial assistance.

Taylor's appeal thus raises a novel question: whether § 1B1.10(b)(2) permits a defendant who has received a below-guidelines sentence attributable to both assistance and non-assistance factors to receive a sentence reduction below her new guidelines range that reflects non-assistance factors.  Based on the history of § 1B1.10(b)(2) and the approaches of other circuits, we affirm the district court's denial of Taylor's motion for reconsideration.

**I.**

On January 10, 2012, Taylor was sentenced to 72 months' imprisonment after pleading guilty to (1) conspiracy to manufacture 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), and (2) aiding and abetting in maintaining a place for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.  Her guideline range was 108 to 135 months, based on a total offense level of 31 and a criminal history category of I.  *United States v. Taylor*, No. 211-CR-047, 2015 WL 3440866, at *2 (E.D. Tenn. May 28, 2015).  The government moved for a downward departure based on Taylor's substantial assistance to a sentence as low as 87 months, 19 percent below the bottom of the guidelines range.  Taylor also separately moved for a downward variance to

48 months. The district court granted both motions in imposing the 72-month sentence but did not specify to what extent the reduction was attributable to each one. This sentence reflects a 33-percent reduction from the bottom of the guideline range (108 months).

Amendments 782 and 788 to the Sentencing Guidelines became effective on November 1, 2014, retroactively lowering the sentencing guidelines for drug offenses by two levels. U.S.S.G., Supp. to App. C, Amends. 782 & 788 at 64–74, 86–88. On March 31, 2015, Taylor moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782. As amended, Taylor's new guideline range was 87 to 108 months, based on a new total offense level of 29 and a criminal history category of I. Because Taylor's original sentence was 33 percent below the applicable guidelines range, she sought a sentence as low as 58 months, 33 percent below the amended guidelines range. The government originally argued that because its motion for downward departure only requested a 19-percent reduction below the guidelines range, Taylor was only eligible for a comparable reduction below the amended guidelines range. The district court stated that 19 percent of the original reduction was attributable to Taylor's substantial assistance and reduced her sentence to 70 months, a two-month reduction to reflect a 19-percent substantial assistance reduction from the bottom of her amended guideline range.

Two months later, Taylor and the government filed a joint motion for reconsideration arguing that "[b]ecause [Taylor's] original 87-month sentence was 33 percent below the then-applicable guidelines range, she is eligible for a 33-percent reduction below the amended guidelines range, *i.e.*, for a term as low as 58 months' imprisonment." The district court denied the joint motion, concluding that "[b]ecause [U.S.S.G. § 1B1.10(b)(2)(B)] is limited to departures awarded 'pursuant to' substantial assistance motions, and because variances and non-cooperation departures are not awarded 'pursuant to' such motions, courts lack authority under § 3582(c)(2) to grant the relief requested by the present motion."

## II.

Where a district court concludes that it lacks the authority to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), we review *de novo* its determination that the

defendant is ineligible for a sentence reduction. *United States v. Joiner*, 727 F.3d 601, 604 (6th Cir. 2013).

Taylor claims that the district court erred when it held, as a matter of law, that it could not reduce her sentence below her amended guideline range to account for the downward variance she received at her original sentencing. The district court has already reduced Taylor's sentence to account for her substantial assistance departure.

A defendant is eligible for a sentence reduction under § 3582(c)(2) where: (1) the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) such reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c).

The latter requirement is at issue here, because the relevant policy statement—§ 1B1.10 of the Sentencing Guidelines—limits a district court's ability to sentence a defendant below the minimum of her amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). Section 1B1.10 provides an exception, however, where "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). In such a situation, "a reduction comparably less than the amended guideline range . . . may be appropriate." *Id.* Taylor argues that this "reduction comparably less than the amended guideline range" may include any departure or variance applied to her original below-guidelines sentence, so long as the original sentence involved a departure based on her substantial assistance. Taylor would thus be eligible for up to a 33-percent reduction of her sentence: 19 percent to reflect a departure for substantial assistance and an additional 14 percent to account for a non-substantial assistance reduction. Because, however, a below-guidelines reduction pursuant to § 1B1.10(b)(2)(B) is limited to the extent of a defendant's substantial assistance, the district court did not err in holding that it lacked authority to reduce Taylor's sentence further below her amended guideline range to account for a non-assistance downward variance.

Recent amendments to the Sentencing Guidelines indicate that the purpose of the policy statement in § 1B1.10(b) is to preclude district courts from reapplying any departure or variance in a sentence reduction, except for a departure based on substantial assistance. Prior to 2011, § 1B1.10(b)(2)(B) permitted the district court to reduce a defendant's sentence below the amended guideline range if the original term of imprisonment was below the applicable guideline range, and this exception was not limited to below-guidelines sentences based on substantial assistance departures. U.S.S.G. § 1B1.10(b)(2) (2010). Section 1B1.10(b)(2)(B) (2010) noted that where an original sentence was below the guidelines, a further reduction to reflect a departure "may be appropriate," but the policy statement also indicated that such a reduction based on a variance "generally would not be appropriate." *See id.*[1]

Amendment 759, which took effect in 2011, revised the policy statement in § 1B1.10 to eliminate the distinction between departures and variances. U.S.S.G. App. C., Amend. 759, at 416, 420. It also limited the district court's discretion to reduce a sentence below the amended guideline range, permitting a reduction only when the defendant originally received a below-guidelines sentence based on substantial assistance. *Id.* at 416–20. Though Taylor is correct that the Sentencing Guidelines do not specifically address whether a non-assistance reduction may be combined with a substantial assistance reduction, examining the changes to § 1B1.10 over time indicates that the guidelines deny a district court authority to reduce a defendant's sentence below her amended guidelines range except where such a reduction is based on her substantial assistance.

The case law on this issue in other circuits supports reading § 1B1.10 as limiting the scope of below-guidelines reductions to substantial assistance. In *United States v. Steele*, the Second Circuit held that "the provisions of § 1B1.10 . . . require a resentencing court to apply the amended Guidelines range that would have been applicable to a defendant, *without* applying any departures other than one . . . based on a defendant's substantial assistance." 714 F.3d 751, 753 (2d Cir. 2013). The First and Eighth Circuits have likewise observed that by restricting reductions below the amended guideline range to an amount that corresponds to an earlier substantial assistance reduction, the Sentencing Commission has specified the extent to which

---

[1]Variances are generally based on the 18 U.S.C. § 3553(a) factors. *See* U.S.S.G. § 1B1.1, Comm. at 19.

sentences may be reduced based on retroactive amendments to the Sentencing Guidelines. *United States v. Hogan*, 722 F.3d 55, 60 (1st Cir. 2013); *United States v. Anderson*, 686 F.3d 585, 589–90 (8th Cir. 2012).

The Tenth and Eleventh Circuits have also considered this issue in unpublished cases.  In *United States v. Valdez*, the Tenth Circuit considered the case of a defendant who had already received a sentence reduction based on his substantial assistance and requested an additional reduction to account for the criminal history category adjustment he received at the original sentencing.  *United States v. Valdez*, 492 F. App'x 895, 896–97 (10th Cir. 2012).[2]  The court held that "except for a reduction for substantial assistance, [the district court] lacked the authority to depart further from the amended Guideline on the ground that Valdez had received a criminal history category reduction in the original sentencing proceeding."  *Id.* at 900.  Similarly in *United States v. Wright*, the Eleventh Circuit only considered a defendant's substantial assistance departure, not a variance he received, in determining whether he was eligible for a reduction under 18 § U.S.C. 3582(c), the provision at issue here.  562 F. App'x 885, 886, 888 (11th Cir. 2014).

The district court reduced Taylor's sentence by 19 percent below her amended guidelines range, reflecting the full reduction she received at her original sentencing for her substantial assistance.  In limiting its below-guidelines reduction of Taylor's sentence to the proportion attributable to her substantial assistance, the court correctly determined that she was ineligible for further relief.

### III.

For the foregoing reasons, we affirm the district court's denial of the joint motion for reconsideration of Taylor's sentence reduction under § 3582(c).

---

[2]At the original sentencing, the district court reduced Valdez's criminal history from category III to category II, finding that category III overrepresented the seriousness of his criminal history and the likelihood that he would reoffend. *Valdez*, 492 F. App'x at 896–97.

---

**DISSENT**

---

MERRITT, Circuit Judge, dissenting. The mathematical percentage estimated for "substantial assistance" almost five years ago at the original sentencing is not a scientific fact, just a guess or speculation, and a new reduction upon resentencing that is "comparably less" (using the Guideline language) does not forbid a new sentence which takes into account such intangible factors as defendant's additional assistance after the original sentence, her rehabilitation, as well as collateral damage to her family and other similar factors. It does not forbid a reassessment of what has happened in the last five years. Both the prosecutor and the defendant agreed that the sentence should not be limited to a nineteen percent reduction but have agreed to a thirty-three percent reduction, and there is no indication that Judge Jordan in the court below would not agree that this would be a more just sentence. He thought only that the law did not give him the authority to impose the lower sentence.

I agree with Judge Gibbons' view that we are not bound by the old sentence, that Kimberly Taylor's appeal "raises a novel question," and that "the Sentencing Guidelines do not specifically address whether a non-assistance reduction may be combined with a substantial assistance reduction" during resentencing. Therefore, I do not see why we must continue to take away from the sentencing judge the authority to use his or her best judgment in determining the sentence. For these reasons and also for the policy reasons stated by Justice Stevens in his dissenting opinion in *Dillon v. United States*, 130 S. Ct. 2683, 2694-2705 (2010), I would remand to the district court for resentencing with the instruction that the district court is not bound by the nineteen percent reduction used years ago. Times change. The law has changed. Our culture is changing its views about how long we should put people behind bars. There is no good reason I can see that we should not allow the district judge to use his best judgment here and err on the side of mercy while at the same time reducing the government's costs of incarceration.