NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0687n.06

No. 16-1127

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 19, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ANTON L. MANN, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: McKEAGUE, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM. Anton L. Mann appeals the district court's order granting his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He claims entitlement to a further reduction.

Mann pled guilty to four counts of drug trafficking in 2008. The initial presentence report calculated Mann's total offense level at 40 and applied a criminal history category of V. Mann requested a departure for acceptance of responsibility and moved the court to depart downward due to his difficult background and cooperation with the government. The government filed a motion for downward departure under U.S.S.G. § 5K1.1 requesting a four-point downward departure for Mann's substantial assistance. In response, the district court reduced the total offense level by two points, to 38, based on Mann's acceptance of responsibility. This provided a sentencing range of 360 months to life imprisonment. The court then granted the government's § 5K1.1 motion and adjusted Mann's offense level to 34—

providing a guidelines range of 235 to 293 months. Simultaneously, the court granted a further departure based "on concerns of the Court regarding equity in sentencing among co-defendants." R. 207, Statement of Reasons, PID 917. The court "addressed these concerns by departing (or varying) downward modestly beyond the level implied by the government's 5K motion." *Id.* The sentencing transcript shows the court also considered Mann's lack of a controlled substance conviction history and the fact that the sentence imposed was "still a very long time to be in prison" and that it would provide Mann with adequate time to "work on, in a very structured environment, changes that need to be made in his life." R. 105, Sent. Tr., PID 636. The court imposed a sentence of 204 months. Later, in 2014, the court granted the government's motion under Federal Rule of Criminal Procedure Rule 35(b) to further reduce Mann's sentence by 36 months given his post-sentencing substantial assistance. Mann's sentence was reduced to 168 months.

Following this reduction, Mann filed a pro se motion requesting another adjustment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. The Probation Department's sentencing modification report determined that Amendment 782 called for a reduction of Mann's total offense level by two points, to level 36, and a sentencing range of 292 to 365 months, before taking into account government's § 5K1.1 motion. The report's final recommendation was for a final reduction to 134 months imprisonment.

Soon thereafter, Mann filed a pro se reply to the report and his counsel filed a response. In these filings, Mann requested a further reduction from the sentencing modification recommendation of 134 months to 126 months. Mann asserted this further reduction was proper because it would be proportional to the approximately 44% reduction Mann had received from

the bottom of his initial guidelines range (360 months to life), minus the additional 36 months for his post-sentencing cooperation, that had yielded his 168 month sentence before the Amendment 782 adjustment. The government responded that a reduction was indeed warranted pursuant to Amendment 782, but disagreed with both the report's recommendation and with Mann and instead requested a final sentence of 140 months. The government asserted that Mann's previous 168-month sentence was equivalent to that at the bottom of the range for someone with his criminal history at an offense level of 31. Accordingly, the government argued that the two-point reduction warranted by Amendment 782 called for a sentence at the bottom of the level 29 range: 140 months' imprisonment. The district court granted Mann's motion but imposed a sentence consistent with the government's recommendation. Mann timely appealed.

We review the district court's sentence reduction for abuse of discretion. *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). "[A] district court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009). Any error "that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a); *see also United States v. Anderson*, 603 F. App'x 365, 367 (6th Cir. 2015).

Mann fails to show the district court abused its discretion. He argues that his sentence was improperly calculated given language found in U.S.S.G. § 1B1.10(b)(2)(A),(B). This section of the sentencing guidelines says that, when there has been a prior reduction below the guidelines range pursuant to a substantial assistance motion, a "reduction comparably less" than the amended guidelines range "may be appropriate" following a § 3582(c)(2) motion. *Id.* Mann asserts this requires reducing the sentence by the same percentage as in the initial departure. Mann's appeal is premised on the contention that any recalculation of his sentence at

this stage necessitates this percentage-based method. This argument is unavailing. The plain language of § 1B1.10(b)(2)(A),(B) does not require the court to employ any specific method of calculation to determine a comparable reduction. *See United States v. Marroquin-Medina*, 817 F.3d 1285, 1291–92 (11th Cir. 2016). That the district court did not use the percentage-based calculation does not constitute an abuse of discretion—courts recognize several permissible methods by which a court may make a comparable substantial assistance reduction. *See id.* at 1291 (courts "may apply the percentage-based approach . . . but that is not the only permissible approach to determine a comparable reduction"); *see also United States v. Lindsey*, 556 F.3d 238, 245–46 (4th Cir. 2009) (a sentencing court may use a lower offense category, a percentage-based departure, or a flat number of months to depart based on substantial assistance). Thus, Mann has failed to show the district court abused its discretion by failing to use his preferred method of determining the appropriate reduction.

Mann is fortunate to lose. This is because, in its brief, the government points out an irregularity in Mann's sentence that may be an error in light of our opinion in *United States v. Taylor*, 815 F.3d 248, 250–52 (6th Cir. 2016). The government asserts that, after *Taylor*, Mann's proposed recalculation would be based on an impermissible comparison of his sentence with those of his co-defendants. *See Taylor*, 815 F.3d at 250–51 ("the purpose of the policy statement in § 1B1.10(b) is to preclude district courts from reapplying any departure or variance in a sentence reduction, except for a departure based on substantial assistance"). But the government doesn't stop there. It points out that *Taylor*'s holding could be interpreted as meaning that the 140-month sentence actually imposed by the district court (which had been recommended by the government at the time) was *itself* marked by error and that, instead, a longer sentence of 152 months was warranted.

We note that—because *Taylor* was decided after the relevant sentence recalculation—the district court did not have the benefit of our decision, which addressed a "novel question" in the law. *Taylor*, 815 F.3d at 249. But more importantly, the government waived objection to this error in its sentence-reduction recommendation and then on appeal by asking us to affirm the lower court's sentence. Thus, concluding that any such error did not affect substantial rights, we decline to address it. *See* Fed. R. Crim. P. 52(A). And because we find that Mann has failed to show the district court abused its discretion, we deny his claim of error and uphold the district court's judgment. That is lucky for Mann, as the court might have agreed with the government on *Taylor* and ordered an even longer sentence on remand. Sometimes, as here, it's good to lose.

For the foregoing reasons, we **AFFIRM** the order of the district court.