**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0096n.06

Case No. 16-1637

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Feb 07, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ROBERTO REESE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE: BOGGS, SILER, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge**. Defendant, Roberto Reese, appeals the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Reese pled guilty to one count of conspiracy to engage in racketeering activity, for which he received a total sentence of 117 months. Because we find that the district court was prohibited from making any further reductions by the Sentencing Guidelines, we **AFFIRM**.

I.

On October 21, 2013, Reese, pursuant to a plea agreement, pled guilty to conspiracy to engage in racketeering activity, in violation of 18 U.S.C. 1962(d). The presentence report ("PSR") determined that Reese's total offense level was 31—based on a base offense level of 30 (the greatest of his adjusted offense levels), increased by four levels (which includes a one-unit

increase under USSG § 3D1.4) and reduced by three levels for acceptance of responsibility. (R. 947, PageID # 8567–68.) Based on the total offense level of 31 and a criminal history category of VI, the PSR determined Reese's applicable Guideline range to be 188 to 235 months. (R. 947, PageID # 8580.)

Prior to sentencing, the Government filed a sentencing memorandum and motion for downward departure pursuant to USSG § 5K1.1, requesting that the district court reduce Reese's Guideline calculation by two levels for his substantial assistance. (R. 969.) Reese also filed a request for downward departure and variance, arguing that because he has a significant history of trying to distance himself from the Holland Latin King Organization,[1] and because he substantially cooperated with the Government, the court should impose a sentence at or below the bottom of the Guideline range. (R. 960.) At sentencing, the district court granted both the Government's motion for downward departure and Reese's motion for variance, noting: "I find that a two-level downward departure under 5K1 is certainly in order, and I think a variance of three levels down led by the amount of cooperation and the retaliations that took place here have to be worked into the entire scheme." (R. 1002, PageID # 9998.) Based on this reduction, the district court sentenced Reese to 132 months, based on a total offense level of 26 and a criminal history category of VI. (R. 1002, PageID # 9999.) On April 2, 2015, due to a clerical error, the district court reduced Reese's sentence to 117 months, noting that it was giving Reese a fifteen-month credit for time spent in state custody in relation to his activity with the Holland Latin Kings.

---

[1] The Holland Latin Kings is the Holland, Michigan chapter of the Latin Kings organization, a criminal street gang. This case arose from charges under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and alleged that the members of Holland Latin Kings engaged in acts of murder, arson, assault, witness tampering, obstruction of justice, drug trafficking, and other crimes. Reese was part of a thirty-one-defendant indictment.

In November 2014, Reese moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. The probation officer prepared a sentence modification report ("SMR"), which found that Reese was eligible for a sentence reduction. The SMR noted that under the amended Guidelines, the increase in offense level would only add a total of three levels, rather than four, because the increase for conspiracy to distribute marijuana had reduced from a one-unit increase to a one-half unit increase. (R. 1637, PageID # 21683.) As such, the SMR determined Reese's amended Guideline range to be 168 to 210 months, using a total offense level of 30 and a criminal history category of VI. (R. 1637, PageID # 21684.) Taking into account the district court's initial two-level downward departure, three-level variance, and fifteen-month reduction for time served in state custody, the SMR ultimately recommended a reduced sentence of 105 months. (R. 1637, PageID # 21684–85.)

The Government opposed the SMR's recommendation. While the Government agreed that Reese's amended Guideline range was 168 to 210 months, it disagreed that the three-level variance and the fifteen-month credit could be included in the calculation. Ultimately, the Government argued that Reese's applicable range under the amended Guideline was 140 to 175 months, taking into account only the two-level downward departure for substantial assistance. Consequently, because Reese's amended Guideline range was not lower than the sentence imposed, the Government argued that Reese was ineligible for a reduction.

The district court, without holding a hearing, entered an order denying Reese's motion for a sentence reduction. After outlining the parties' positions, the order merely concluded: "The Court finds it is within its discretion to grant or deny an Amendment 782 motion. The Court having carefully reviewed the [SMR] and counsels' [sic] responses, will deny Defendant's

request for a sentence reduction based on Amendment 782." (R. 1673, PageID # 21823.) Reese has filed this timely appeal.

## II.

We review a district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014) (citing *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009)). "[A] district court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Washington*, 584 F.3d at 695.

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Smith*, 655 F. App'x 376, 379 (6th Cir. 2016) (quoting *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011)). Under § 3582(c)(2), a district court may modify a sentence when "(1) the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . .' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citation omitted). Even further, USSG § 1B.10(b)(2) "imposes a hard limit on a court's ability to reduce the sentence for a defendant who has been deemed eligible for a § 3582(c)(2) sentence reduction." *Jackson*, 751 F.3d at 711 (citation omitted). Under this provision, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." *Id.* (citation omitted). The only exception to this limit, which is at issue here, applies where a defendant initially receives a sentence of imprisonment lower than that provided by the defendant's applicable guideline range pursuant to a government substantial-assistance motion. *See* § 1B1.10(b)(2)(B).

Here, both parties agree that Reese's amended Guideline range is 168 to 210 months; that the district court's two-level downward departure for substantial assistance is correctly included under § 1B1.10(b)(2)(b); and that the fifteen-month credit for time-served in state custody does not factor into the calculation under § 1B1.10(b)(2). The disagreement, however, arises in relation to the district court's grant of an additional three-level variance based on Reese's motion. The Government argues that this variance is not included in the § 1B1.10(b)(2)(B) exception because it was not pursuant to a *government motion* based on the defendant's substantial assistance. (Appellee Br., at 19.) Based on this, the Government argues that Reese is not eligible for a sentence reduction under Amendment 782 because his amended Guideline range of 140 to 175 months (after considering the two-level downward departure) is greater than his imposed sentence of 117 months.

On the other hand, Reese argues that our precedent in *United States v. Taylor*, 815 F.3d 248 (6th Cir. 2016) does not limit the applicability of § 1B1.10(b)(2)(B) to motions for downward departure based on §5K1.1. (Appellant Br., at 19.) Rather, Reese argues, *Taylor* was only "concerned with the credits given for substantial assistance and did not specify the form of that credit." (Appellant Br., at 19–20.) According to Reese, because the district court granted his motion for a variance based on his substantial assistance, it is properly included under § 1B1.10(b)(2)(B). Reese further argues that under § 1B1.10(b)(2)(B), the government motion is the triggering event for the exception to apply and "[i]t opens the door to it, but does not dictate the outcome of it." (Appellant Reply Br., at 4.) Finally, Reese argues that the district court abused its discretion by failing to adequately explain its reasons for denying his motion for modification. (Appellant Br., at 20.)

In *Taylor*, we held that "[r]ecent amendments to the Sentencing Guidelines indicate that the purpose of the policy statement in § 1B1.10(b) is to preclude district courts from reapplying any departure or variance in a sentence reduction, except for a departure based on substantial assistance." 815 F.3d at 250–51. While Reese is correct that *Taylor* does not address the limitation the Government argues exists here, we must find that the language of § 1B1.10(b)(2)(B) necessarily imposes such a limitation. The provision reads: "If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing *pursuant to a government motion to reflect the defendant's substantial assistance to authorities*, a reduction comparably less than the amended guideline range . . . may be appropriate." USSG § 1B1.10(b)(2)(B) (emphasis added). We are guided by the principle that "when the [] language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Washington*, 584 F.3d at 695 (citations omitted).

Here, the district court granted the Government's motion for a downward departure, clearly noting that it was going down two levels based on this motion. Then the court *separately* addressed Reese's motion for a variance and chose to grant it. Had the district court decided to grant the Government's § 5K1.1 motion *and then* chosen to increase the departure by three additional levels based on § 5K1.1(a)(1)–(5), the outcome here would be necessarily different. Reese's argument that the Government's § 5K1.1 motion opens the door for the § 1B1.10(b)(2)(B) exception to apply to a defendant's motion for variance based on substantial assistance, while creative, is not supported by the plain language of § 1B1.10(b)(2)(B).

It may seem somewhat anomalous that an identical five-level reduction by a judge leads to different results under § 3582 if the judge: (a) considers a government motion for a two-level

reduction for substantial assistance and then grants a five-level reduction for substantial assistance, which is permissible under USSG § 5K1.1; or (b) grants a government motion for a two-level reduction for substantial assistance and then grants a separate defense motion for a further three-level reduction, also based on substantial assistance. However, that distinction, which we enforce here, rests on the clear command contained in USSG § 1B1.10(b)(2)(B). Accordingly, we find that because the three-level variance was not granted pursuant to a motion from the Government based on the Defendant's substantial assistance, it is not properly included under § 1B1.10(b)(2). For this reason, Reese is not entitled to a sentence reduction because the original sentence imposed is less than his amended Guideline range.

## III.

We turn next to Reese's argument that the district court abused its discretion in failing to adequately address its reasons for denying his motion for a sentence modification. We have previously held that while there is no requirement for a district court to make specific findings relating to each factor considered on a motion for modification, "the record must reflect that the district court actually considered the [18 U.S.C. § 3553(a)] factors, and the court must 'satisfy the appellate court that the judge has considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decision-making authority.'" *United States v. Archer*, 362 F. App'x 491, 496 (6th Cir. 2010) (quoting *United States v. Moncrief*, 350 F. App'x 994, 996 (6th Cir. 2009)). Here, the district court, after summarizing the positions of both parties, concluded that it would exercise its discretion to deny Reese's § 3582(c)(2) motion.

We note that it is generally helpful to this Court on review to have clear and sufficient reasons supporting a district court's decision, and we agree with Reese that the district court in this case could have been much clearer about what it was doing. However, given our finding

that the district court was effectively prohibited from reducing Reese's sentence, we cannot find that the district court's order amounted to an abuse of discretion.

IV.

For the reasons mentioned above, we affirm the district court's denial of Reese's § 3582 motion for a reduction of sentence.