RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0093p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

v.

MICHAEL D. JACKSON,

*Defendant-Appellee.*

No. 12-4220

Appeal from the United States District Court
for the Southern District of Ohio at Columbus
No. 2:09-cr-00021-1—Gregory L. Frost, District Judge.

Argued: October 10, 2013

Decided and Filed: May 5, 2014

Before: MERRITT, BOGGS, and CLAY, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellant. Dennis Belli, Columbus, Ohio, for Appellee. **ON BRIEF:** Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellant. Dennis Belli, Columbus, Ohio, for Appellee.

BOGGS, J., delivered the opinion of the court, in which MERRITT and CLAY, JJ., joined. MERRITT, J. (pg. 7), delivered a separate concurring opinion.

1

---

**OPINION**

---

BOGGS, Circuit Judge.   Michael Jackson pleaded guilty to possessing, with the intent to distribute, more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).   A majority of this panel previously determined that Jackson was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because of the United States Sentencing Commission's changes to the crack-cocaine guidelines.   *See United States v. Jackson* (*Jackson I*), 678 F.3d 442, 445 (6th Cir. 2012).   At the sentence-reduction hearing, the district court reduced Jackson's sentence below the bottom end of his amended guideline range.   Because U.S.S.G. § 1B1.10(b)(2) prohibits courts from "reduc[ing] the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range," we vacate Jackson's reduced sentence and remand with instructions to reinstate his original sentence of 150 months of imprisonment.

I

A.  Original Sentencing

In June 2009, Michael Jackson pleaded guilty to possessing, with the intent to distribute, more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).   At that time, this offense carried a maximum penalty of 40 years of imprisonment.   *See* § 841(b)(1)(B) (2006).   Because Jackson had two prior felony controlled-substance convictions, he qualified as a career offender under U.S.S.G. § 4B1.1(a).   The district court determined that Jackson's total offense level was 29.   But when "the offense level for a career offender from [the career-offender table] is greater than the offense level otherwise applicable, the [career-offender] offense level . . . shall apply."   § 4B1.1(b).   Under the career-offender table, Jackson's statutory maximum of 40 years corresponded to an offense level of 34.

Because Jackson's "offense level for a career offender from the table"—i.e., 34—was greater than "the offense level otherwise applicable"—i.e., 29—the career-offender offense-level applied.   *Ibid.*  Jackson's applicable career-offense level, therefore, was 34.   His criminal-history category under the table was VI.   The career-offender table permits a reduction of up to three

levels for acceptance of responsibility under § 3E1.1. *See* § 4B1.1(b). Jackson received this reduction, so his final offense level, under the career-offender table, was 31. An offense level of 31 and a criminal-history category of VI resulted in a § 5A sentencing range of 188 to 235 months for Jackson. Nonetheless, in 2010, the district court, because of the "crack versus powder cocaine disparity issue," exercised its discretion to depart downward from the § 5A range and imposed a sentence of 150 months of imprisonment.

Later that year, Congress passed the Fair Sentencing Act, and the United States Sentencing Commission amended the crack-cocaine guidelines.

## B.  Sentence Reduction

Jackson appealed his sentence. In *Jackson I*, a majority of this panel found that Jackson, whose § 5A sentencing range derived solely from the career-offender table, was eligible for a sentence-reduction hearing because of the change to the crack-cocaine guidelines. The court "remand[ed] the case to the district court to allow it in the first instance to *consider* whether, in the exercise of its *discretion*, the revised and retroactive crack cocaine guidelines should be considered in determining Jackson's sentence." *United States v. Jackson*, 678 F.3d 442, 445 (6th Cir. 2012) (emphasis added). The court took "no position as to whether any change in Jackson's sentence is warranted due to the retroactive crack cocaine guidelines." *Id.* at 446. *Jackson I* essentially decided that Jackson was eligible for a sentence-reduction hearing.

In September 2012, Jackson received a sentence-reduction hearing. The district court "review[ed] the case all over again . . . using the amended guidelines . . . ." The court noted that, were Jackson not a career offender, his new offense level would be 25 and his new § 5A sentencing range would be 84 to 105 months. But in 2012, as in 2009, Jackson qualified as a career offender under § 4B1.1(a). At the hearing, Jackson's "offense level for a career offender from the table"—i.e., 34—was still greater "than the offense level otherwise applicable"—i.e., now 25. § 4B1.1(b). Consequently, "the offense level from the [career-offender] table . . . shall apply." *Ibid.* At the hearing, then, the district court correctly concluded that Jackson's career-offender offense-level was 34. The district court then made a three-level reduction under § 3E1.1—which § 4B1.1(b) permits. Jackson's offense level of 31 and his criminal-history category of VI again resulted in a § 5A sentencing range of 188 to 235 months. As the district

court told Jackson, "That [career-offender] sentencing factor hurts you.  That hurt you.  That is a sentence of 38 months more than I sentenced you to begin with.  On the minimum range."

The district court accepted that the decision about whether Jackson was eligible for resentencing under § 3582(c)(2) "has been dictated to me."  The district court then concluded that it could not reduce Jackson's sentence below 150 months.  It again imposed a sentence of 150 months of imprisonment.

### C.  The "Hail Mary Pass"

Jackson's counsel then asked the district court to reconsider its analysis if the Fair Sentencing Act's revised mandatory-minimum penalties applied at the time of Jackson's original sentencing.  The court considered this argument to be a "Hail Mary pass."  Jackson's counsel stated that his request was not a "legalistic argument" but simply a suggestion that the court consider what Jackson's § 5A sentencing range would have been if Jackson had been sentenced after the Fair Sentencing Act's effective date.

If the Fair Sentencing Act had been effective in 2009, Jackson's maximum sentence would be 20—not 40—years of imprisonment.  *See* § 841(b)(1)(C) (2012).  This would give Jackson a career-offender offense level of 32, under § 4B1.1(b).  Jackson would presumably again receive the three-level § 3E1.1 reduction, resulting in a final career-offender offense-level of 29.  *See ibid.*  Jackson would retain a criminal-history category of VI, which corresponds to a § 5A sentencing range of 151 to 188 months.  The district court correctly concluded that, were Jackson to be sentenced for the first time in 2012, his § 5A range would be 151 to 188 months.

The district court, however, focused on the fact that if Jackson were sentenced for the first time in 2012, his sentencing range would be lower and Jackson would still have the same mitigating factors that caused the court to exercise its discretion to depart downward from the § 5A range at Jackson's initial sentencing.  "How can I be illogically logical?" the court asked.  It stated: "If Mr. Jackson appeared before me today, he would be at a range of 151 to 188.  If Mr. Jackson appeared before me today, he would still have the good things that I have already mentioned going for him . . . ."  Under these circumstances, the court contemplated whether it could fairly re-impose a sentence of 150 months.  It asked the prosecutor: "How would I explain

it to [Jackson] . . . other than you don't think that I have the legal authority to do so[?]" In light of this consideration, the district court reduced Jackson's sentence to 126 months.

This sentence was lower than the bottom end of Jackson's § 5A range—i.e., 188 months—at his original sentencing. It was also lower than the bottom end of Jackson's *actual* amended § 5A guideline range—i.e., 188 months. And it was also lower than the bottom end of the hypothetical § 5A range that Jackson would be subject to, if he were originally sentenced today under the Fair Sentencing Act's new mandatory-minimum regime—i.e., 151 months.

## II

We review a district court's sentence-reduction decision for abuse of discretion. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009) "[A] district court abuses its discretion when it . . . improperly applies the law . . . ." *Ibid.*

## III

This court earlier decided that Jackson was eligible for a sentence-reduction hearing. *Jackson I*, 678 F.3d at 445–46. Subsection 1B.10(b)(2) of the Guidelines Manual imposes a hard limit on a court's ability to reduce the sentence for a defendant who has been deemed eligible for a § 3582(c)(2) sentence reduction.[1] The subsection's title—"Limitation and Prohibition on Extent of Reduction"—reflects this. That provision provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute. *Dillon v. United States*, 130 S. Ct. 2683, 2693 (2010).

Here, the district court—after first re-imposing a sentence of 150 months—reversed course and ultimately imposed a sentence of 126 months. Jackson's applicable guideline range

---

[1]There is one exception, not relevant here, to this hard limit. If a defendant initially receives a sentence of imprisonment lower than that provided by the defendant's applicable guideline range pursuant to a government substantial-assistance motion under § 5K1.1, then "a reduction comparably less than the amended guideline range . . . may be appropriate." § 1B1.10(b)(2)(B).

was 188 to 235 months at his original sentence, and Jackson's amended guideline range at the time of sentence reduction was 188 to 235 months. Because the district court was prohibited from reducing Jackson's sentence "to a term less than the minimum of the amended guideline range"—i.e., 188 months—Jackson's reduced sentence is improper. We, therefore, vacate Jackson's reduced sentence and remand with instructions to reinstate Jackson's prior sentence of 150 months.[2]

It is true that the guidelines are "now[] advisory." *Jackson I*, 678 F.3d at 445. But § 1B1.10(b)(2)'s prohibition is not. The Supreme Court has addressed this exact issue and has declined "to excise the mandatory language of § 1B1.10(b)(2) and treat that provision as advisory." *Dillon*, 130 S. Ct. at 2690 (Sotomayor, J.); *accord Washington*, 584 F.3d at 701. Simply put, the district court is "constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced." *Dillon*, 130 S. Ct. at 2691 (internal quotation marks omitted). Subsection 1B1.10(b)(2) "confines the extent of the reduction authorized." *Ibid.* Subsection 1B1.10(b)(2), then, is not advisory.

IV

Because § 1B1.10(b)(2) prohibits a court from "reduc[ing] the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range," and because the district court did just that, we VACATE the district court's sentence and REMAND with instructions to reinstate Jackson's original sentence.

---

[2]Even assuming Jackson were correct that the Fair Sentencing Act applied retroactively or that it were in effect in 2009 at the time of Jackson's original sentencing, the outcome of this case would be the same. In that circumstance, Jackson's § 5A range would be 151 to 188 months. And even if Jackson's amended guideline range were actually 151 to 188 months, the district court "shall not reduce [Jackson's] term of imprisonment . . . to a term that is less than the minimum" end of that range—i.e., 151 months. The district court's reduction of Jackson's sentence to 126 months would still have been improper.

This argument, however, is a non-starter. A defendant sentenced before the Fair Sentencing Act's effective date does not receive the benefit of the act's revised mandatory-minimum regime. *United States v. Blewett*, --F.3d --, Nos. 12-5226, 12-5582, 2013 WL 6231727, at *8 (6th Cir. Dec. 3, 2013) (en banc), *cert. denied*, -- S. Ct. --, No. 13-8947, 2014 WL 859676 (Mar. 31, 2014). But this court's recent en banc decision in *Blewett* does not affect the outcome in this case.

_____

**CONCURRENCE**

_____

MERRITT, Circuit Judge, concurring.  I concur in the Court's opinion in this case only because I can find no alternative after the refusal sof our court and the Supreme Court to alter old crack sentences.  For this nonviolent crack cocaine offense, Jackson must serve out his original 12-1/2 year sentence because the Congress, the Department of Justice, the Sentencing Commission and the courts have not seen fit to reduce the widely acknowledged unfair crack cocaine sentences imposed mainly on black defendants based on a 100-to-1 ratio with powdered cocaine.  The district court and the original panel in this case tried to bring a little more enlightenment to sentences imposed for crack before 2011, but to no avail.  It looks like no one with authority to correct the injustice is willing to do anything, and thousands of mainly black defendants will remain in prison unjustly for many more years.